HUGHES, J., would grant the writ.
11 While it is true that the creditability call of the fact-finder must be given great weight, it is not absolute. It may be outweighed by the facts themselves.
In this case we have two versions of what happened. The state’s version, given through the testimony of Julie Martin, is that the defendant threw a punch and the two men struggled as Martin called 911. The significantly larger victim then retreated toward the bedroom in an effort to defuse the situation, when he realized he had been stabbed and collapsed on the floor.
The defendant’s version is that the victim Robertson approached him and began punching him in the face. Robertson then grabbed him around the neck and began choking him. The defendant claims he reached out blindly for anything to defend *922 himself with, grabbed a knife (not his own), and lashed out against Robertson.
The facts show that the defendant suffered black eyes (plural), a split lip, and three missing teeth.
1 ¡.Despite the fact-finder’s conclusion, I would find that the physical evidence supports the defendant’s version of the events, and therefore, respectfully, would grant the writ.
CRICHTON, J., would grant for the reasons assigned by Justice HUGHES.